ACCEPTED
01-13-00865-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 2:57:39 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-13-00865-CV

**IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 2:57:39 PM
~~CHRISTOPHER A. PRINE~~
Clerk

**DARRELL CHURCH,**

**Appellant,**

**v.**

**CITY OF ALVIN, TEXAS,**

**Appellee.**

**On Appeal from the County Court At Law No. 2
Brazoria County, Texas
Cause No. CI047129**

## RESPONSE TO APPELLANT'S MOTION FOR REHEARING

**OLSON & OLSON, L.L.P.**

**Patricia L. Hayden
State Bar No. 09269200
PHayden@OlsonLLP.com
John J. Hightower
State Bar No. 09614200
JHightower@OlsonLLP.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713) 533-3800
Facsimile: (713) 533-3888**

**ATTORNEYS FOR APPELLEE,
CITY OF ALVIN, TEXAS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................2

INDEX OF AUTHORITIES .............................................................................3

ARGUMENT .................................................................................................4

I.      Court's Holding is not Based on the "Mistaken Factual Finding"..................4

II.     Church Misunderstands the Elements of an Impaired Access Inverse Condemnation Claim ....................................................................................6

III.    Uncontroverted Facts Demonstrated that Church's Access is not Materially and Substantially Impaired ..............................................................................7

IV.    Court did not "Misplace" the Standard of Review .........................................9

V.     Court Correctly Decided the Case ................................................................11

CONCLUSION ..............................................................................................12

CERTIFICATE OF COMPLIANCE ..................................................................14

CERTIFICATE OF SERVICE ..........................................................................14

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGES**

*Burris v. Metropolitan Transit Authority of Harris County*,
    266 S.W.3d 16 (Tex. App.—Houston [1st Dist.] 2008, no pet.) .....................7

*Church v. City of Alvin, Texas*,
    No. 01-13-00865-CV, 2015 WL 3916708 (Tex. App.—Houston [1st Dist.]
    June 25, 2015, no pet. h.)..................................................................4, 5, 6, 7

*State v. Heal*,
    917 S.W.2d 6 (Tex. 1996) .......................................................................6, 7

*Strother v. City of Rockwall*,
    358 S.W.3d 462 (Tex. App.—Dallas 2012, no pet.) ....................................11

*Texas Dept. of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) ......................................................................9

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellee, the City of Alvin, Texas ("the City"), respectfully files this response to Appellant's ("Church") motion for rehearing of the Court's memorandum opinion in *Church v. City of Alvin, Texas,* No. 01-13-00865-CV, 2015 WL 3916708 (Tex. App.—Houston [1[st] Dist.] June 25, 2015, no pet. h.).

## ARGUMENT

Church challenges the Court's opinion on two grounds, arguing that (1) the Court mistakenly found that "Church admitted having full, unimpaired access to his property in its current status,"[1] and (2) the Court mistakenly placed the burden of proof on Church when the Court noted: "Church did not adduce evidence that the project has prevented him from accessing the roadway along the remaining frontage of his property."[2]

## I. COURT'S HOLDING IS NOT BASED ON THE "MISTAKEN FACTUAL FINDING"

Church complains that the Court made a finding of fact that was unsupported by the record, specifically, that "[v]ia his existing driveway, even with his trailer, Church can approach the drive from the far lane." *Church,* 2015 WL 3916708, at *6.* Based on this "mistaken finding of fact," Church complains that

---

[1] Appellee's Motion for Rehearing, p. 1.

[2] *Id.* at 5.

4

the Court wrongly concluded that "Church has full access to his property..."[3] and asks that the Court withdraw its June 25, 2015 opinion, reverse the trial court's order, and remand the case.

The City agrees that Church did not state that he can approach the drive from the far lane with his trailer. However, the City disagrees that that particular observation by the Court is grounds for withdrawal of its opinion and reversal of the trial court's order granting the City's plea because that observation is not the basis for the Court's holding. Instead, the Court held:

> Because Church (1) cannot establish a waiver of governmental immunity for a violation of the Water Code and (2) failed to adduce facts that support either a compensable taking or a substantial impairment of his existing access to his property, we conclude that the trial court properly granted the City's plea.

*Church,* 2015 WL 3916708, at *1. With regard to the element of material and substantial impairment, an essential element of Church's taking claim, the Court held:

> Given that the new bridge (1) does not physically obstruct Church's private drive and (2) does not preclude other access points to the roadway from his property, we hold that Church's testimony that the TxDOT-constructed entrance within the public right-of-way is narrower than before does not constitute evidence of a "virtually impassable obstruction" or a material and substantial impairment of access. (citation omitted) Accordingly, we hold that the trial court properly granted the City's plea to the jurisdiction against Church's claim for impaired access.

---

[3] *Id.* at 4.

5

*Church,* 2015 WL 3916708, at \*7. The appellate record fully supports the Court's holding, and the motion for rehearing should be denied.

## II. CHURCH MISUNDERSTANDS THE ELEMENTS OF AN IMPAIRED ACCESS INVERSE CONDEMNATION CLAIM

Church argues on rehearing that the Court should withdraw its June 25, 2015 opinion and reverse the trial court's order granting the City's plea to the jurisdiction because the Court made an incorrect finding of fact resulting in the conclusion that Church "has the same use of his property as he did before the City's action,"[4] and that "Church has full access to his property with no such revision."[5] Church argues that he "never admitted that suitable access exists in the current situation."[6] However, Church misunderstands the type of access impairment that is required to maintain an inverse condemnation claim.

The law question presented for the Court's consideration was not whether the claimant had the same (or full) access after the alleged taking as he had prior to the alleged taking. Instead, the question of law[7] decided by the Court was that the City's uncontroverted evidence established that the alleged taking did not result in a material and substantial impairment of Church's access to his property. *See State*

---

[4] *Id.* at 3.

[5] *Id.* at 4.

[6] *Id.* at 4.

[7] Whether access rights have been materially and substantially impaired is a question of law. *State v. Heal,* 917 S.W.2d 6, 9 (Tex. 1996).

6

*v. Heal,* 917 S.W.2d 6, 11 (Tex. 1996) (absent a material and substantial impairment of access, the landowners were not entitled to compensation "even if the remainder of their property has lost some degree of value"); *Burris v. Metropolitan Transit Authority of Harris County,* 266 S.W.3d 16, 23 (Tex. App.— Houston [1st Dist.] 2008, no pet.) ("We agree with the appellants that the Property has been impaired, but impairment alone is insufficient for a compensable taking. Rather, appellants must show that the impairment of access is material and substantial."). Because Church did not present evidence to demonstrate a material and substantial impairment of access i.e., to raise a fact issue on this claim, the Court properly concluded that Church had no inverse condemnation claim.

**III. UNCONTROVERTED FACTS DEMONSTRATED THAT CHURCH'S ACCESS IS NOT MATERIALLY AND SUBSTANTIALLY IMPAIRED**

In its opinion, the Court noted that (1) TxDOT constructed the bridge wholly within the public right-of-way; (2) the bridge apron did not enter Church's property; (3) the new bridge did not physically obstruct Church's existing driveway; (4) Church conceded that he retains access to his property and his existing driveway, but that driveway access across the bar ditch is 12 feet narrower when compared with the right-of-way access that existed before the bridge construction; and (5) the new bridge did not preclude other access points to the roadway from his property. *Church,* 2015 WL 3916708, at *6. Moreover, additional evidence not mentioned by the Court in its opinion, yet contained in the

appellate record, and supportive of the Court's holding, is Church's testimony that he has a total of six trailers on his property, **CR 210**, and that he can move the little trailers off and on his property. **CR 211**. It is only his big trailer that he cannot get onto the property no matter which direction he comes from. **CR 211**. However, significantly, Church testified that it is the arch over his driveway that impairs his big trailer from getting onto the property, to-wit:

> Q. Okay. And do I understand you correctly? On the big trailer, you're saying that you can't get that on the property no matter which direction you come from?
>
> A. That's correct.
>
> Q. There's just not a wide enough area to −
>
> A. Without ripping out the archway and everything.
> …
> Q. Now, if you move − if you removed your arch, could you get your trailer in?
>
> A. Possibly.

**CR 211**.[8]

The Court's conclusion that Church did not have an inverse condemnation claim for material and substantial impairment of access to his property is proper and supported by the uncontroverted evidence.

---

[8] The arch is a metal driveway arch, which was not moved during the bridge construction project. **CR 188-189**. The arch is 12 feet wide. **CR 207**.

## IV.  COURT DID NOT "MISPLACE" THE STANDARD OF REVIEW

In his motion for rehearing, Church also complains that the Court "misplaced the standard of review" because it stated "Church did not adduce evidence that the project has prevented him from accessing the roadway along the remaining frontage of his property."[9] However, the Court did apply the correct standard of review.

The standard of review to be applied to an evidentiary plea to the jurisdiction, and which the Court did apply, was as follows:

> [I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal **plaintiffs must raise at least a genuine issue of material fact** to overcome the challenge to the trial court's subject matter jurisdiction.

*Texas Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 221 (Tex. 2004) (emphasis added). The Court correctly pointed out that Church did not present any evidence to raise a fact issue that controverted his sworn deposition testimony:

Q.  Okay. If you moved your driveway crossing where it crosses the ditch−if you moved it farther from the bridge, would that solve your problem about being able to turn in and turn out with your trailer?

A.  That's what this whole thing is about, is we −

Q.  Sir, please just answer my question.

A.  Yes.

---

[9] *Id.* at 5.

…

Q.   My question is: Has anyone told you, you can't move the driveway?

A.   No, sir.

Q.   Okay. Is there—as far as you know, there's nothing that stops you from putting your driveway across the bar ditch anywhere you want to along your property line?

A.   No, sir.

Q.   So neither the City, the State, or anybody else has told you that you can't access County Road 172 from any location on your property you choose?

A.   No, sir.

**CR 148-149**. The City carried its burden on the plea by presenting evidence that Church could access County 172 from any location on his property that he chose, conclusively proving that Church's access to his property was not materially and substantially impaired. Church did not raise a fact issue on that proof. The Court did not "misplace the standard of review."[10] Church has shown no error in the opinion of the Court of Appeals.

---

[10] *Id.* at 5.

## V. COURT CORRECTLY DECIDED THE CASE

Although not addressed by the Court in its opinion, there is another, equally compelling ground that supports the Court's affirmance of the trial court's order granting the plea: the City did not commit an intentional act that resulted in material and substantial impairment of Church's access to his property.

The elements of a cause of action for inverse condemnation are (1) the City committed an intentional act; (2) that resulted in property being taken, damaged, or destroyed; (3) for public use. *Strother v. City of Rockwall,* 358 S.W.3d 462, 467 (Tex. App. — Dallas 2012, no pet.) (citing *City of Dallas v. Jennings,* 142 S.W.3d 310, 314 (Tex. 2004)). In the face of the City's evidentiary plea, it was incumbent upon Church to raise a fact issue to controvert the City's evidence demonstrating that the City did not engage in or perform intentional acts that resulted in material and substantial impairment of Church's access to his property. Because he failed to do so, governmental immunity precluded his claim. *City of Rockwall,* 358 S.W.3d at 471-72.

As the City pointed out in its brief on appeal, the uncontroverted evidence established that the government actor, i.e., the City, did not commit an intentional act that resulted in material and substantial impairment of Church's access to his property. The City did not design or build the Project. **CR 31**, **73**. Instead, TxDOT contracted with general contractors to perform the general contract work on the

11

project and with engineering firms to perform the engineering on the project. **CR 31**, **73**. Specifically, the Funding Agreement between the City and TxDOT for the replacement of the bridge over the Drainage Ditch at County Road 172, **CR 31**, **51-72**, provided that:

> (1) "The State is responsible for performance of any required architectural or preliminary engineering work," **CR 31**, **53 at ¶10**;
>
> (2) the State "shall … award and administer the contract for construction of the Project. … includ[ing] the responsibility for construction engineering and for issuance of any change orders, supplemental agreements, amendments, or additional work orders, which may become necessary subsequent to the award of the construction contract." **CR 31**, **54 at ¶11**; and
>
> (3) "The parties to this Agreement agree that no party is an agent, servant, or employee of the other party and each party agrees it is responsible for its individual acts and deeds as well as the acts and deeds of its contractors, employees, representatives, and agents." **CR 31**, **57 at ¶17**.

Because the City did not do any intentional act that resulted in material and substantial impairment of access to Church's property, the trial court's order granting the plea was proper, and the Court of Appeals' affirmance of that order is appropriate.

## <u>CONCLUSION</u>

The City respectfully requests that the Court deny Church's motion for rehearing, except to modify its opinion to remove the sentence, "Via his existing driveway, even with his trailer, Church can approach the drive from the far lane."

12

The City further requests that the Court grant it such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By: */s/ Patricia L. Hayden*
    Patricia L. Hayden
    State Bar No. 09269200
    PHayden@OlsonLLP.com
    John J. Hightower
    State Bar No. 09614200
    JHightower@OlsonLLP.com
    Wortham Tower, Suite 600
    2727 Allen Parkway
    Houston, Texas 77019
    Telephone: (713) 533-3800
    Facsimile: (713) 533-3888

**ATTORNEYS FOR APPELLEE,
CITY OF ALVIN, TEXAS**

## CERTIFICATE OF COMPLIANCE
## <u>WITH MAXIMUM LENGTH REQUIREMENTS</u>

I hereby certify that the foregoing Appellee's Brief contains 1,979 words, as calculated under Rule 9.4 of the Rules of Appellate Procedure, using the word count feature of Microsoft Word.

*/s/ Patricia L. Hayden*
Patricia L. Hayden

## <u>CERTIFICATE OF SERVICE</u>

As required by Texas Rule of Appellate Procedure 6.3 and 9.5, I certify that on July 22, 2015, a true and correct copy of the foregoing document was electronically served upon all counsel of record.

Mr. Iain G. Simpson
iain@simpsonpc.com
**SIMPSON P.C.**
1333 Heights Boulevard, Suite 102
Houston, Texas 77008

☐ CMRRR #
☐ Facsimile No. 281-596-6960
☐ Hand Delivery
☐ U.S.P.S.
☑ Electronic Service

**ATTORNEY FOR APPELLANT,**
**Darrell Church**

*/s/ Patricia L. Hayden*
Patricia L. Hayden